James Edward WHEELER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46424.

Court of Criminal Appeals of Texas.

June 27, 1973.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the sale of heroin; the punishment, forty-five years imprisonment.

The sufficiency of the evidence is not challenged. It was proved that the appellant sold heroin to an undercover agent.

The first ground of error complains of the trial court's refusal to reduce the appellant's bail pending trial, from ten thousand dollars to five thousand dollars. It appears that no appeal was taken from the order refusing to reduce bail. That issue has now become moot. See Ex Parte Waddle, 482 S.W.2d 647 (Tex.Cr.App. 1972) and Johnson v. State, 478 S.W.2d 954 (Tex.Cr.App.1972). This ground of error is without merit and is overruled.

The remaining grounds of error complain of the trial court's failure to rule upon an objection during argument and of the prosecutor's alleged improper argument.

The portion of the record designated by the appellant as showing the error complained of reads as follows:

"When Jack Frost[1] was arrested he wasn't at home; he was over at the same place where the buy took place three or four months earlier. He didn't have a job; he didn't have a job back there on the day that he bought the stuff.

MR. BARHAM: Judge, I will object to that. There is no testimony in that regard.

MR. HILL: Well, it is a reasonable deduction from the evidence that he wasn't working at that time.

[1]. Jack Frost was the alias under which the appellant was indicted.

**86**

MR. BARHAM: He had a job.

MR. HILL: He certainly did.

MR. BARHAM: He certainly did; he was working.

MR. HILL: He had a job; he was selling narcotics to all the people here in Dallas that were addicted to it, to commit crimes every day. Now, that is his job.

MR. PRICE: Pardon me, Mr. Hill.

MR. HILL: And you know you are guilty, Jack. As you sit there you know you are guilty of pushing dope, preying on the innocent people of this community. Making them rob, and preying on the innocent people of this community, making them rob and stel (sic) to get more of it.

Thank you very much, ladies and gentlemen.

THE COURT: All right. Close the arguments.

(WHEREUPON, THE ARGUMENTS WERE CLOSED.)

(THE JURY WAS RETIRED TO THE JURY ROOM TO DELIBERATE ITS VERDICT.)"

■ Defense counsel's interruption of the argument with "Pardon me, Mr. Hill," was not an objection requiring a ruling of the trial court. By failing to object and failing to obtain a ruling of the court, nothing is preserved for review. See Bourg v. State, 484 S.W.2d 724 (Tex.Cr.App.1972) and Thomas v. State, 477 S.W.2d 881 (Tex.Cr.App.1972), and the cases there cited.

The judgment is affirmed.

Opinion approved by the Court.