**George Garcia GONZALES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47076.**

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Jerry Calhoun, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough & Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of heroin; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

The sufficiency of the evidence is not challenged.

■ At the outset, appellant contends the trial court erred in overruling his motion for mistrial when it was brought to the jury's attention that appellant was in custody. During the course of the trial and out of the presence of the jury, the record reflects the following motion by appellant and the court's ruling thereto:

"MR. CALHOUN: The jury was retired some thirty minutes ago for a ten-minute recess and the Defendant was taken over to the holdover cell. The jury returned and had been seated in court for some two minutes when the Defendant was brought back in and just immediately prior to his being brought back in, one of the bailiffs went over to the other and took keys out of his pocket when you said bring the Defendant back in, and it certainly indicated to this jury that the Defendant was incarcerated, and we move for a mistrial.

"THE COURT: That's overruled. What you have stated is substantially correct. The jury was brought in before the Defendant, but let the record reflect that the holdover is located out of the courtroom behind the courtroom, and the door leading from the courtroom is a regular door of this courtroom which is no different from any other door of this courtroom."

Appellant relies on Hernandez v. Beto, 443 F.2d 634 (5th Cir., 1971), where it was held that "trying Hernandez in his prison clothing infringed a fundamental right—the presumption of innocence." Hernandez was tried in "prison garb described as a white T-shirt with 'Harris County jail' stamped on the front, and dungarees with the same inscription on both the front and back."

To hold that the complained of circumstances in the instant case denied appellant "the presumption of innocence" to which he is entitled under the Fourteenth Amendment would not only require a significant extension of the holding in Hernandez v. Beto, supra, but would compel an expansion of due process rights far beyond the dictates of common sense, reason and sound constitutional construction.

**156**

Appellant next contends that the court erred in overruling his motion to have the indictment read in the absence of the jury. Appellant's motion requested that the indictment be read out of the presence of the jury, the appellant enter his plea and the court inform the jury the nature of the charge and the plea thereto. In overruling appellant's motion, the court noted that appellant had previously waived arraignment and ordered that the indictment, excluding the enhancement allegations, be read to the jury.

Appellant's reliance on Minafee v. State, Tex.Cr.App., 482 S.W.2d 273, is misplaced. In *Minafee*, this Court said, "The practice of delaying arraignment and conducting such proceeding in the jury's presence should not be condoned."

In the instant case, appellant's motion was directed to the reading of the indictment to the jury at trial and not to the arraignment which had previously been waived. Article 36.01, Vernon's Ann.C.C.P., "Order of proceeding in trial," requires, "1. The indictment or information shall be read to the jury by the attorney prosecuting." [1] Failure to read the indictment by the prosecuting attorney constitutes reversible error. Boening v. State, Tex.Cr.App., 422 S.W.2d 469.

We find no merit in appellant's contention.

 Lastly, appellant complains of a remark of the prosecutor before the jury. Appellant urges that an objection of the prosecutor made during appellant's jury argument contained an unsworn statement of fact. The record reflects that the appellant made no objection to the comment of the prosecutor. Nothing is presented for review. Wheeler v. State, Tex.Cr.App., 496 S.W.2d 85; Ross v. State, Tex.Cr.

App., 496 S.W.2d 78; Griffin v. State, Tex.Cr.App., 487 S.W.2d 81.

The judgment is affirmed.

Opinion approved by the Court.

---

1. Article 36.01, V.A.C.C.P., Section 1, further provides that prior convictions alleged for enhancement only shall not be read until the hearing on punishment is held as provided in Article 37.07, V.A.C.C.P.