Charles Ray **BRAXTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 50161.

Court of Criminal Appeals of Texas.

Oct. 29, 1975.

Glen Williamson (Court-appointed on appeal), Kermit, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of rape; the jury set punishment at imprisonment for 20 years.

Appellant attacks the statutes under which the conviction was obtained; he also complains of improper jury argument and of the admission of testimony concerning his reputation for being a peaceful and law-abiding citizen.

Appellant asserts that:

"The conviction obtained herein is void because the statute upon which it is based is vague, uncertain and indefinite, and contains no requirement therein of a culpable mental state."

V.T.C.A. Penal Code, Sec. 21.02, provides in pertinent part:

"(a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

"(b) The intercourse is without the female's consent under one or more of the following circumstances:

"(1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances;

". . ."

V.T.C.A. Penal Code, Sec. 6.01(a), provides:

"(a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession, in violation of a statute that provides that the conduct is an offense."

V.T.C.A. Penal Code, Sec. 6.02, provides in pertinent part:

"(a) Except as provided in Subsection (b) of this section, a person does not com-

mit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

"(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility."

 The definition of rape in V.T.C.A. Penal Code, Sec. 21.02, does not plainly dispense with a mental element; therefore, by linking V.T.C.A. Penal Code, Sec. 21.02, with V.T.C.A. Penal Code, Sec. 6.02(c), we find that intent, knowledge or recklessness are the applicable mental states and would suffice to establish criminal responsibility for the offense of rape. The language of the indictment, which the court tracked in instructing the jury, alleges that the appellant did:

". . . voluntarily, *intentionally,* and *knowingly* by force that overcame such earnest resistance as might reasonably have been expected under the circumstances, compel [the prosecutrix], a female not his wife, to submit to sexual intercourse without her consent." (emphasis ours.)

We conclude that appellant's contention is without merit. This ground of error is overruled.

 Complaint is next made of improper jury argument; it is asserted that the State's attorney commented on the appellant's failure to testify.

MR. WESCH [PROSECUTOR]:

". . . The Defendant was present at the house for three days prior to the time this happened. Why? Ask yourselves why. Did his employer come up here and tell you he was working those three days?

Was he really working? That's something the defense lawyers could have proven up with the boss."

At the time this argument was made counsel for appellant objected saying that the District Attorney was "trying to shift some of the burden of proof." The appellant has changed his grounds of objection on appeal. The court did not rule on the objection, there was no request that the jury be instructed to disregard the comment, and no motion for mistrial was made. Absent an adverse ruling of the court, nothing is presented for review. *Kennedy v. State,* 520 S.W.2d 776 (Tex.Cr.App.1975); *Garcia v. State,* 513 S.W.2d 559 (Tex.Cr.App.1974). We also observe that it is clear the District Attorney was referring to the absence of testimony from the employer of the appellant.

 Appellant contends in two grounds of error that the State's attorney made improper and prejudicial statements during voir dire examination and final arguments, that "we don't need one man hanging in there so we will have to try this case again." No objection was made subsequent to the statement during either voir dire or final arguments. Nothing is presented for review. See *McBride v. State,* 519 S.W.2d 433 (Tex.Cr.App.1974); *Wheeler v. State,* 496 S.W.2d 85 (Tex.Cr.App.1973). These grounds of error are overruled.

Appellant asserts in three grounds of error that the prosecutor engaged in improper argument, once at the guilt or innocence stage and twice at the punishment stage. Once again, there was no objection made and nothing is presented for review. *Johnson v. State,* 504 S.W.2d 496 (Tex.Cr.App. 1974); *Wheeler v. State,* supra.

 Appellant's remaining contention is that it was error to admit, during the punishment stage of the trial, testimony of Sheriff Bell concerning the reputation of the appellant for being a peaceful and law-abiding citizen. It is here claimed that Bell was unqualified to testify concerning appel-

lant's reputation because his knowledge of the appellant was limited to the facts of the instant case. It must first be noted that no objection was made to Bell's testimony; further, appellant neither made a motion for mistrial, nor requested that the testimony be stricken. The error was not preserved. The witness testified on cross-examination that he had known the appellant since March, 1974. The offense for which appellant was convicted occurred in March, 1974. There was no showing that the witness had no knowledge of the appellant *other* than the facts of the instant case or that the witness had *not* spoken with members of the community concerning appellant's reputation. See *Mitchell v. State,* 524 S.W.2d 510 (Tex.Cr.App.1975). This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.