Charles Ray BRAXTON, TDC #243157, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 80–1384
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

April 3, 1981.

Charles R. Braxton, pro se.

Bill Willis, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Petitioner, Charles Ray Braxton, appeals District Court's denial of his § 2254 petition.

He alleges District Court erred in adopting the magistrate's recommendation without allowing him to file objections and denying his § 2254 petition where (i) the state prosecutor excluded by use of peremptory challenge the only black person among the veniremen, (ii) trial court refused to allow his attorney to voir dire on the issue of racial prejudice, (iii) the prosecutor knowingly used perjured testimony to obtain his conviction, (iv) *Tex. Penal Code Ann.* tit. 5, § 21.02 (Vernon) under which he was convicted is unconstitutional, (v) insufficient evidence was presented to support his conviction, and (vi) the prosecutor commented in closing argument on his failure to testify. Finding his numerous complaints without merit, we affirm.

## I.

Braxton was originally convicted of rape in 1974 in violation of *Tex. Penal Code Ann.* tit. 5, § 21.02 (Vernon). Although he appealed, his conviction was affirmed. *Braxton v. State*, 528 S.W.2d 844 (Tex.Cr.App. 1975). After exhausting state remedies on direct appeal and via a subsequent state habeas proceeding, Braxton filed this § 2254 petition.[1]

In the federal proceedings the State moved to dismiss contending each of Braxton's grounds lacked merit. The magistrate recommended denial of the habeas petition, finding *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), barred review of Braxton's claim the prosecutor commented on his failure to testify and the rest of Braxton's claims were meritless. Agreeing with the magistrate a federal evidentiary hearing was unnecessary because Braxton had received a full and fair state court evidentiary hearing, District Court adopted the magistrate's recommendation.

## II.

■ Taking the allegations out of the order in which Braxton presented them, he argues *Tex. Penal Code Ann.* tit. 5, § 21.02 (Vernon) is unconstitutional because it fails to set forth a culpable mental state. The

Texas Court of Criminal Appeals when reviewing this same claim on direct appeal rejected it, however, on the basis *Tex. Penal Code Ann.* tit. 5, §§ 6.02(b) and (c), when construed together with § 21.02 (the rape statute), clearly provide a requirement there be a culpable mental state. 528 S.W.2d at 846. Braxton's indictment charged, *inter alia*, he intentionally made a female not his wife submit to sexual intercourse without her consent. *Id.* Since § 6.02 clearly prescribes the culpable mental state for § 21.02, we conclude Braxton's claim § 21.02 is vague and uncertain lacks merit.

■ Braxton next complains he was denied due process and equal protection by the prosecutor's use of a peremptory challenge to exclude from the jury the only black person among the veniremen. In response, the State argues Braxton's failure to timely object to the selection of petit jurors precludes, under the Texas contemporaneous objection rule, any attack on the constitutionality of such selection on appeal. Contrary to the State's argument, however, *Wainwright v. Sykes* does not preclude federal review of this claim where, as here, the state court adjudicated the issue on its merits. *See Moran v. Estelle*, 607 F.2d 1140, 1141–42 (5th Cir. 1979); *Madeley v. Estelle*, 606 F.2d 560, 561 n. 1 (5th Cir. 1979); *Cannon v. Alabama*, 558 F.2d 1211, 1216 n. 12 (5th Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1281, 56 L.Ed.2d 792 (1978).

■ It is well settled the petitioner must bear the burden of proof in a habeas corpus proceeding. *Bouchillon v. Estelle*, 628 F.2d 926, 928 (5th Cir. 1980). During the state evidentiary hearing, however, Braxton failed to meet this burden. The prosecutor from Braxton's state criminal trial testified the reason he used his peremptory challenge to strike the black woman was he knew her "real well," had "represented her on a number of occasions," and knew she could not afford to miss work to sit as a juror because she had "too many kids to support." He further testified she

---

1. It is undisputed Braxton exhausted all available administrative remedies.

worked as a maid and he "cut her" because "she needs to work all she can to make a living."

Braxton, however, does not challenge as untrue the prosecutor's testimony at the state evidentiary hearing in connection with the striking of the black juror. Nor does he make any argument the jury selection procedures were biased other than the naked fact the only black veniremen was struck from the jury by the district attorney.

■ Although prosecutors may not systematically exclude identifiable segments of the community from jury panels and the juries ultimately drawn from those panels, there is no constitutional requirement a jury be composed of members of the defendant's race. *Apodaca v. Oregon*, 406 U.S. 404, 413, 92 S.Ct. 1628, 1634, 32 L.Ed.2d 184, 192 (1972). In this case, Braxton has alleged nothing to justify rejecting the state court's finding the black juror was not excluded because of her race. *See Hill v. Dutton*, 440 F.2d 34, 35 (5th Cir.), *cert. denied*, 404 U.S. 845, 92 S.Ct. 145, 30 L.Ed.2d 81 (1971). His allegation of systematic exclusion of blacks from the petit jury is merely conclusional. *See Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979). Where Braxton neither contends the jury selection was improper, nor alleges facts from which that could be deduced, we may not find error. *United States v. Ward*, 610 F.2d 294, 295 (5th Cir. 1980).

■ With respect to the jury, Braxton also contends he was prevented from asking questions during voir dire regarding racial prejudice. The state trial transcript indicates, however, defense counsel never requested the trial court to allow him to ask such questions. In absence of a request to the state trial court that voir dire questioning on racial prejudice be allowed, Braxton's claim does not rise to constitutional dimension. The jurors who convicted Braxton were asked if they could render a fair and impartial verdict and if there was any reason they felt would prevent them from being fair jurors. Presumably, since Braxton was present during voir dire, the veniremen were aware he was black. Even if

the defense had requested to ask questions about racial prejudice and the court had denied the request, there is no *per se* rule requiring voir dire on racial prejudice when the defendant is black and the victim white. *See Ristaino v. Ross*, 424 U.S. 589, 596 n.8, 96 S.Ct. 1017, 1021, n.8, 47 L.Ed.2d 258, 264 (1976). Moreover, Braxton has alleged no prejudice as a result of the absence of voir dire on racial prejudice.

As a fourth assignment of error, Braxton asserts the state prosecutor allowed the prosecutrix to perjure herself under oath during the trial. While it was established at trial the prosecutrix's trial testimony deviated in minor respects from her pretrial statement, she consistently maintained, both prior to and during trial, (i) Braxton had raped her without her consent, (ii) she had attempted to escape prior to the rape, and (iii) Braxton had beat her and attempted to choke her before the rape.

■ "In order for perjury by a witness to constitute grounds for the grant of a habeas corpus writ it would have to be shown that the state knowingly used the perjured testimony." *Skipper v. Wainwright*, 598 F.2d 425, 427 (5th Cir.), *cert. denied*, 444 U.S. 974, 100 S.Ct. 469, 62 L.Ed.2d 389 (1979), *citing Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Here, however, Braxton has "completely failed to support his claim with any evidence that there was either perjured testimony or knowing use of perjured testimony by the state." *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.), *cert. denied*, 446 U.S. 945, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980). At the state evidentiary hearing, the prosecutor denied he knowingly used perjured testimony, explaining he knew only the prosecutrix's trial testimony, in minor respects, conflicted and was inconsistent with her trial statement. With such evidence before us we must conclude District Court was correct in rejecting this claim.

■ Braxton also contends his conviction was not supported by sufficient evidence because his blood type is O and a

doctor's examination of the victim revealed only blood type A in the vagina region. The standard of review of Braxton's sufficiency of the evidence claim "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).[2] In Texas, the prosecutrix's testimony standing alone that the defendant had sexual intercourse with her without her consent is sufficient to convict under § 21.-02. *Garcia v. State*, 563 S.W.2d 925, 927 (Tex.Cr.App.1978).[3]

■ Applying these standards to the facts of this case, ample evidence of guilt was introduced through the prosecutrix's testimony that Braxton had sexual intercourse with her without her consent, after severely beating her, and although she had attempted to escape. Moreover, a doctor who had examined her on the same morning of the incident corroborated her testimony by testifying at length and in detail about bruises and scratches he observed on the prosecutrix's body during a medical examination. Specifically, he noted the vulva and the outside of the vaginal tract was bruised and had bleeding underneath the skin. Inside the vagina, the doctor found type A blood mixed with viable sperm.

Although it was stipulated prior to trial Braxton had type O blood, he utilized the defense the prosecutrix had consented to intercourse by her actions of encouraging him prior to the sexual act. Not testifying himself, Braxton had his roommate testify to support the consent claim that on the evening before the alleged rape occurred,

Braxton and the prosecutrix were "kissing and stuff." The roommate further testified Braxton later awakened him after 3:00 a. m. to borrow his car because there "were too many people around" their apartment and the prosecutrix "wanted to go out and make it" with Braxton. Braxton also introduced evidence the prosecutrix had copied the "Little Red Riding Hood" story from the book, *What Do You Say After You Say Hello?* by Dr. Eric Berne which had to do with a game, "Rapo," in which a woman acts in a seductive manner and elicits a response from a male.

Despite these claims, in light of the prosecutrix's testimony and *Garcia*, it was reasonable for the jury to have found Braxton committed the crime. Evidence of the prosecutrix's blood type—which was presumably type A—was unnecessary, for it was probably her own.

Another ground raised by Braxton is that comments by the prosecutor in closing argument constituted an impermissible reference to his failure to testify. The complained of comments were as follows:

Now, one other thing I noticed in this case is how little we really know about this Defendant and I made a few observations in what little I could ascertain about him.... Why was the Defendant hitchhiking through a small town like this ...? Overcash [a defense witness] said [the defendant] ... had a big Afro haircut. He wore leather. That's all he wore. He always wore dark glasses. Why? The Defendant was present at the house for the three days prior to the time this happened. Why? ... Did his employer come up here and tell you he was working during those three days? Was

2. The standard of *Jackson v. Virginia* applies retroactively to state-court convictions like Braxton's obtained before *Jackson* was decided. *Holloway v. McElroy*, 632 F.2d 605, 639 (5th Cir. 1980).

3. The Texas rape statute under which Braxton was convicted, *Tex.Penal Code Ann.* tit. 5, § 21.02 (Vernon 1974) provided:

    (a) A person commits an offense if he has sexual intercourse with a female not his wife without the female's consent.

    (b) The intercourse is without the female's consent ... [if]

        (1) he compels her to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances; ....

This section was amended by the Texas legislature in 1975.

he really working? That's something the defense lawyers could have proven up with the boss.

\* \* \* \* \* \*

I'll withdraw the statement.... We have got another why. Why did he leave town? (State Tr. 193–94).

■ Braxton's attorney had objected to the comment on the ground it shifted the burden of proof. The state appellate court refused to consider this claim, finding Braxton had "changed his grounds of objection on appeal" and "absent an adverse ruling of the court, nothing ... [was] presented for review." 528 S.W.2d at 846. District Court adopted the magistrate's finding that *Wainwright v. Sykes* barred review of this claim. Even assuming *Sykes* presents no bar to review, however, this claim must also fail because no improper comment on Braxton's failure to testify was made. The complained-of remark "was not manifestly intended to be nor would it naturally and necessarily be taken as a comment on ... [Braxton's] failure to testify." *Cobb v. Wainwright*, 609 F.2d 754, 756 n. 4 (5th Cir.), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 857 (1980).

As a final assignment of error, Braxton complains he was never notified of the magistrate's recommendation and was therefore unable to file his objections thereof with District Court. He argues District Court adopted the magistrate's recommendation without the benefit of first seeing any objections he presumably would have filed.

■ Yet, Braxton does not allege one new contention or fact he would have asserted by way of objections to the recommendation. District Court complied with 28 U.S.C. § 636(b)(1) (1976), and did not issue its order until Braxton had been afforded ten days to file written objections. Although the record does not indicate whether and when Braxton was served with the magistrate's report, assuming he did not receive the report in time to file timely objections, any error appears harmless. None of Braxton's "arguments arose from a

factual dispute" and "the district judge could assess the merits of the petition from its face." *Rutledge v. Wainwright*, 625 F.2d 1200, 1206 (5th Cir. 1980).

Judgment of District Court denying Braxton's petition for § 2254 relief is correct.

AFFIRMED.