IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-60713
Summary Calendar

MERLIN A LITTLETON

Plaintiff-Appellant

v.

B GRIMES; UNKNOWN BENNET; MATTIE COLLINS; UNIT MANAGER
THOMAS

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:06-CV-93

Before JONES, Chief Judge, and STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Merlin A. Littleton, Mississippi prisoner # 82910, appeals the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 lawsuit asserting denial of access to the courts. We review the dismissal de novo. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Littleton renews his allegation that the appellees' confiscation of his legal papers upon his transfer to more restrictive custody violated his right of access.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

His conclusional assertion that he is not required to show any resulting injury is incorrect. See McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998); Lewis v. Casey, 518 U.S. 343, 351 (1996). Littleton alternatively asserts that the appellees frustrated his ability to present specific non-frivolous claims in his application for a certificate of appealability (COA) following the appeal from the denial of his 28 U.S.C. § 2254 petition. However, he simultaneously concedes that he is unable to say how the confiscation of his legal materials contributed to the denial of his COA application.

By his own admission, Littleton's denial-of-access claim was properly dismissed because he failed to allege that the confiscation of his legal materials prejudiced his position as a litigant. See McDonald, 132 F.3d at 230-31. As the district court found, despite the confiscation, Littleton was able to prepare and timely submit a lengthy and thorough COA application. See Littleton v. Armstrong, No. 05-60519 (5th Cir. Mar. 1, 2007) (unpublished). Littleton's new assertion that the confiscation of his legal papers prevented him from presenting non-frivolous claims that the evidence was insufficient to convict him, that his confession was coerced, that a state's witness committed perjury, and that counsel was ineffective is without merit as those claims were in fact presented in the COA application submitted to this court. See id.

To the extent that Littleton complains that he was denied access to the legal materials of other inmates he was assisting, he lacks standing to raise the argument. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Alternatively, the claim fails due to the absence of any resulting injury, as does his claim that there is a systemic problem with access to legal papers at the East Mississippi Correctional Facility. See McDonald, 132 F.3d at 230-31.

The district court's judgment is affirmed. Its dismissal of Littleton's suit counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Littleton is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma

pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.