**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2009

Charles R. Fulbruge III
Clerk

No. 09-40126
Summary Calendar

JAMSEY BELLE

Petitioner-Appellant

v.

JANE STRANGE; JOHN TODD; SMITH COUNTY DEPUTY SHERIFFS;
INTERNAL AFFAIRS DEPARTMENT, Smith County Sheriff's Department;
JANE DOE, Sergeant, Smith County Sheriff's Department

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-363

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jamsey Belle ("Belle") appeals the district court's dismissal, pursuant to
28 U.S.C. § 1915A(b)(1), of his § 1983 action. He also moves to supplement his
brief with a declaration of facts pertaining to the timing of one of his submissions
to the district court. For the reasons set forth below, we deny Belle's motion to
supplement as moot and affirm the district court's dismissal of his case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## FACTS AND PROCEEDINGS

Belle, a Texas inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights lawsuit in which he alleged that a Smith County sheriff's department sergeant violated his right of access to the courts when she withheld a bag containing Belle's personal possessions.[1] Among the possessions withheld, stolen, or lost—Belle's allegations evolved during the litigation—were court records and legal work related to his conviction for possession of a controlled substance. It is unclear from Belle's pleadings precisely what records or legal work he lost. He described them in his first amended complaint as "jury sheet[] transcripts" and asserted that they "contained facts [on] which he would rely to support his habeas claims." Earlier, he had alleged that the bag contained, among other items, "legal work, court records, motion, [and] copy's [sic] of letter's [sic] from attorneys," including records related to a possession of a controlled substance conviction that Belle was appealing.

The injury Belle alleged also evolved as the litigation progressed. His complaint first explained that he needed the court records to raise "key points" in an oral argument before the state appellate court. Belle's later filings do not rely on this injury; in fact, Belle was represented by court-appointed counsel on his appeal of the possession conviction. He also wrote a letter to the magistrate to whom this case was assigned in which he claimed that he was injured because his wife divorced him while he was incarcerated. That harm was obviously unrelated to the alleged rights violation, and Belle did not rely on it in his second amended complaint. He finally settled on the allegation, stated in both in his

---

[1] The suit was originally filed against the Smith County Jail and two named sergeants for the wrong itself, and against unnamed Smith County sheriff's deputies and the Smith County "Internal Affairs Department" for their alleged failure to investigate the loss. The second amended complaint contains only the allegation that a Jane Doe sergeant withheld Belle's personal possessions. The defendants did not enter an appearance below and did not file an opposition brief in this appeal.

first and second amended complaints, that the loss of the documents impeded his ability to file an effective *pro se* habeas petition related to his possession conviction. The state habeas petition, which Belle successfully submitted in September 2008, asserted a number of grounds for relief, including ineffective assistance of counsel and an incorrect evidentiary ruling.

Belle's federal § 1983 claim was assigned to a magistrate judge. The magistrate provided Belle with guidance on the requirements of a "meaningful access to the courts" claim and allowed him to amend his complaint twice. The magistrate also considered the letter Belle submitted about his divorce. After giving Belle numerous opportunities to explain what he was claiming and how he was injured, the magistrate recommended dismissing the case, pursuant to 28 U.S.C. § 1915A(b)(1), for Belle's failure to state a claim and for the frivolous nature of the suit.[2] Belle filed a timely objection to the report and recommendation. The district court appears to have overlooked this objection. It adopted the report and recommendation and dismissed the case with prejudice, noting in the order of dismissal that no objections had been filed.[3] Belle appeals the dismissal of his case.

He also moves this court to consider a declaration of facts showing that his access to the mails was limited in late December 2008—prior to the time that his second amended complaint and his objection to a report and recommendation were due. He appears to believe that the district court did not receive his second amended complaint within the time set by the magistrate. Belle, however, filed

---

[2] Section 1915A(b)(1) allows district courts to dismiss certain prisoner complaints that are "frivolous, malicious, or [that] fail[] to state a claim upon which relief may be granted."

[3] Assuming that the district court erred in not considering the objections, the error was harmless. Belle's objections did not raise any new contention or fact not raised in his previous filings. *Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981) (finding harmless error when the unconsidered objections did not raise a new factual dispute and the district court could "assess the merits of the petition of the petition from its face" (quotation omitted)). And as explained below, *de novo* review shows that Belle's action was properly dismissed.

the document on time, and the court received it before the deadline. Belle's objection to the report and recommendation was also timely filed. Because both submissions were filed within the deadline set by the magistrate, problems that Belle may have encountered with the prison mail room do not affect the substance of this appeal, and we deny Belle's motion to supplement as moot.

## STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint under 28 U.S.C. § 1915A. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). To state a claim upon which relief may be granted, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In effect, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

## DISCUSSION

The Constitution requires the states to assure that prisoners have "meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 824 (1977). *Bounds*, however, does not allow claims for merely theoretical or potential violations of a right of access to the courts; to prove a violation, a litigant must demonstrate that the alleged lack of access "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The *Lewis* court limited the

holding in *Bounds* by disclaiming statements in that case suggesting that the state "must enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." *Id.* (emphases in original). In a subsequent case, the Court stated that an "access to the courts" claim must identify a "'nonfrivolous,' 'arguable' underlying claim." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3).

Belle contends that his ability to bring a habeas petition was limited when his property bag, which included some legal materials, was lost, misplaced, or stolen by someone in the sheriff's department. Though the magistrate hearing the case gave him several opportunities to do so, Belle did not settle on an explanation of what he lost. He first described the materials in question as unspecified legal work, unidentified court records, a motion, and copies of letters from his attorneys. He did not explain how any of these materials were crucial to his ability to submit an as-yet-unwritten habeas petition, nor did he claim that any of the materials were irreplaceable. Belle later amended his complaint and stated that he lost "jury sheet[] transcripts" that contained facts he needed to support his habeas claims. It is again not clear what materials Belle was referring to or how they would have supported his habeas petition. Belle's allegations are no more than legal conclusions couched as facts; he did not plead facts that allowed the district court to find his action plausible on its face. *Iqbal*, 129 S.Ct. at 1949-50.

Belle appears to believe, based on his experience with an earlier state habeas petition, that some facts contained in the lost legal materials would have made his forthcoming habeas petition more convincing. As an example of the harm that he believed the loss of his legal materials could cause to the viability of this habeas petition, Belle attached to his first amended complaint a Texas state court's findings of fact and suggested conclusions of law on the earlier habeas petition. The state court noted that Belle's "sworn allegations are alone

insufficient to meet his burden to allege facts which, if true, would entitle him to relief."

Belle appears to believe that he did not succeed on his earlier habeas petition because he did not provide sufficient factual support for his claims, and that the same fate will befall his new habeas petition regarding the possession conviction: it is "possible," Belle claims, that the petition "could have been presented" in a more effective manner if he had not been deprived of court records from which he could have drawn persuasive evidence.

Belle's speculations about the possibility that he did not present his claims as effectively as he could, which may possibly lead to the denial of his habeas petition, are insufficient to show the predicate harm required by *Casey* and *Harbury*. Belle did not identify how the loss of any single item from his collection of legal materials prevented him from persuasively explaining, in his habeas petition, why he should be granted habeas relief. *Casey* and *Harbury* require a plausible connection between the wrong committed and the injury suffered. Belle, despite repeated opportunities to do so, did not show such a connection.

Most importantly, though, Belle appears to have had no trouble submitting a voluminous habeas petition to state court. The petition, which Belle attached to his first amended complaint, does not mention that certain facts could not be recalled or could not be recounted in detail because he lacked access to some legal materials. He filed with the state court, along with a copy of the state-provided "Application for a Writ of Habeas Corpus" form, a 13-page memorandum of law replete with citations to state and federal cases, a practitioner's handbook on evidence, and the Texas criminal code. Belle completely filled out the state-provided Application, in which, as directed, he stated concisely the legal grounds supporting his petition and briefly summarized the facts supporting each ground for relief. He signed both the

Application and the memorandum of law on September 20, 2008—after filing suit in federal court.

It is apparent that Belle had unimpeded access to the Texas courts. It is also apparent from the face of his habeas petition, as well as from his filings in the court below, that Belle had access to a law library. Any loss of legal materials in 2007 did not prevent him from filing the habeas petition in 2008. Belle was able to submit a complete petition that fully complied with the guidelines set out in the state-provided Application. The materials he attached to his amended complaint make it clear that whatever setback Belle suffered when his legal materials were misplaced did not impede his ability to put his habeas claims before the Texas courts.

Several unpublished decisions in this circuit dealt with analogous facts and found no constitutional violation. In *Littleton v. Grimes*, the court affirmed the dismissal of a denial-of-access claim in which a prisoner's legal papers were confiscated but, despite the confiscation, the prisoner "was able to prepare and timely submit a lengthy and thorough COA application." 286 F. App'x 887, 888 (5th Cir. 2008). In *Gray v. Williams*, a prisoner alleged that his warden's failure to return certain documents attached to an administrative appeal denied him access to the courts. The court affirmed the district court's rejection of this theory because the warden's actions did not prevent the prisoner from filing a related civil action and appeal. 31 F. App'x 155 (5th Cir. 2001); *see also Mann v. Smith*, 796 F.2d 79, 84 (5th Cir. 1986) (rejecting a right-of-access argument where the prisoner "in fact filed a detailed civil complaint."). Like the prisoners in *Gray* and *Littleton*, Belle was able to file his habeas petition despite the alleged setback of losing some legal material related to it.

In short, Belle's assertion that a state agent caused the loss of items that he surmises might have been helpful to his habeas petition does not state an "access to the courts" claim. Belle's own submissions show that he enjoyed full

access to the Texas courts and that he was able to submit a complete habeas petition containing all of the grounds for relief he claims to have had.

## CONCLUSION

The judgment of the district court is AFFIRMED. Belle's motion to attach a declaration of facts to his brief is DENIED as moot.