**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-31061
Summary Calendar

REDELL REDD

Plaintiff-Appellant

v.

JAMES M LEBLANC, Secretary of Public Safety and Correction; CONNIE
KENNEDY, Records Custodian; DEPUTY WARDEN STEVE RADER

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-465

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Redell Redd, Louisiana prisoner # 125980, seeks leave to proceed in forma
pauperis (IFP) in his appeal of the dismissal of his civil rights complaint
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. In dismissing Redd's
complaint, the district court adopted the magistrate judge's recommendation
that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as
barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

The district court denied Redd leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP, Redd is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a).

Redd asserts that the district court failed to give reasons as required by *Baugh* for certifying that his appeal was not taken in good faith. However, the district court stated specifically that it was certifying that Redd's appeal was not taken in good faith "for the reasons set forth in the magistrate judge's report," and such an incorporation by reference satisfies *Baugh*'s requirements. *See Baugh*, 117 F.3d at 202 n.21.

Redd also asserts that he never received notice of the magistrate judge's report and recommendation and that he was not given the opportunity to respond before the district court rendered its decision. However, because the magistrate judge did not consider any factual disputes in recommending that Redd's complaint be dismissed as *Heck*-barred and because the district court could assess the merits of Redd's complaint on its face, any error by the district court was harmless. *See Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981).

Redd does not challenge the district court's determination that his claim was barred by *Heck*. Accordingly, he has abandoned the only issue before this court. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).

In light of the foregoing, Redd's motion fails to show error in the district court's certification decision and fails to show that Redd will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Redd's motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This court's dismissal and the district court's dismissal of Redd's complaint each count as strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Redd is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or

appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION  DENIED;  APPEAL  DISMISSED;  SANCTION  WARNING ISSUED.