# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2013

No. 12-40011
Summary Calendar

Lyle W. Cayce
Clerk

JESSE P. SKINNER,

Plaintiff-Appellant

v.

TONY D'CUNHA, Individually and in his official capacity as Assistant Director;
FRANK HOKE, Individually and in his official capacity as Director; DAVID
SWEETIN, Individually and in his official capacity as Director; MARY KINSEL,
Individually and in her official capacity as Manager of Food Service; KERRY
LAND, Individually and his official capacity as Manager of Laundry Service;
GWENDOLYN SPURLOCK, Individually and in her official capacity as Law
Librarian; FLOYD HICKS, Individually and in his official capacity as
Investigator II; TOMMY GOODIN, Individually and in his official capacity as
Investigator III; RICK THALER, Individually and in his official capacity as
Director of the Texas Department of Criminal Justice,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-130

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jesse P. Skinner, Texas prisoner # 599362, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against the defendants alleging that they failed to correct unconstitutional conditions of confinement in connection with prison overcrowding, food service, laundry service, and recreation facilities. He also alleged that he had been denied access to courts, denied redress of his complaints, the victim of retaliation, and denied access to restroom facilities in violation of the Equal Protection Clause. The district court granted the defendants' motion for summary judgment. Skinner now appeals.

In his first argument, Skinner contends that the magistrate judge (MJ) and the district court violated his substantial rights by not serving him with a copy of the MJ's report and recommendation. He contends that because he did not receive a copy of the report and recommendation, he was not afforded an opportunity to file objections and lost the right to de novo review. He also asserts that the MJ violated his substantial rights because he was not served with a copy of the amended scheduling order.

Whether the district court failed to provide Skinner with a copy of the MJ's report and the opportunity to respond need not be resolved. Skinner has not identified any factual dispute or legal contention that he could have raised in the district court that would have prevented dismissal, so any error was harmless. *See Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981). Similarly, he does not elaborate how he was harmed by the MJ's failure in providing him with a copy of the amended scheduling order. Accordingly, any error in Skinner not receiving orders from the MJ or district court was harmless and does not require reversal. *See id.*

Also, Skinner contends that the district court abused its discretion in denying his motion to compel, his motion for Federal Rule of Civil Procedure 11 sanctions, and his motion to conduct limited discovery. The denial of Rule 11 sanctions and a district court's decision regarding discovery matters are reviewed for an abuse of discretion. *Fielding v. Hubert Burda Media, Inc.*, 415

F.3d 419, 428 (5th Cir. 2005); *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000). Skinner does not explain why his discovery motions or Rule 11 sanctions were warranted. He also does not identify any specific wrongdoing or court error in regard to the district court's decisions denying his motions. Skinner thus has waived any appeal of this issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Skinner further contends that the district court abused its discretion in denying his motion to recuse. However, there is no indication in the record of, nor has Skinner offered any evidence of, bias or prejudice on the part of the MJ or district court judge. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). Accordingly, the district court did not abuse its discretion in denying Skinner's motion to recuse. *See Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999).

We review de novo Skinner's challenge to the district court's grant of the defendants' motion for summary judgment. *See Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). However, when, as here, the defendants have asserted qualified immunity in a summary judgment motion, "the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

Skinner contends that the defendants failed to correct unconstitutional conditions of confinement related to prison overcrowding, the denial of adequate food, the denial of laundry necessities, and the denial of recreation facilities. However, Skinner fails to brief specific details regarding his claims, nor does he allege an actual injury as required for a § 1983 claim. He fails to challenge the district court's reasons for rejecting his claims and granting the defendants'

motion for summary judgment.  His conclusory assertions are insufficient to establish a constitutional violation.  *See Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990).  The same is true for his claims that he has been denied equal access to restroom facilities, the victim of retaliation, and denied access to courts.  *See id.*  Further, Skinner does not brief his claim that he was denied redress of his grievances or challenge the district court's decision that his request for monetary damages was barred by the Eleventh Amendment.  He also does not challenge the district court's finding that the defendants are not liable for claims under a theory of respondent superior.  He has thus abandoned those claims before this court.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (1993); *Brinkmann*, 813 F.2d at 748.  Accordingly, the district court did not err in granting the defendants' summary judgment motion with regard to Skinner's § 1983 action.  *See Brown*, 623 F.3d at 253.

Because Skinner did not timely appeal the denial of his motion for class certification, we lack jurisdiction to consider that claim on appeal.  *See McNamara v. Felderhof*, 410 F.3d 277, 279-82 (5th Cir. 2005).  The judgment of the district court is therefore AFFIRMED in part and DISMISSED in part.