JAMES C. HO, Circuit Judge:
A Louisiana jury found Albert Norman Pierre, Sr., guilty of aggravated rape of a child under the age of thirteen. During his trial, the child (C.C.) testified that she had not been "sexually active," other than Pierre's abuse. Over a year later, C.C. informed authorities for the first time that another adult molested her during the same period of time that Pierre molested her.
Pierre subsequently sought post-conviction relief, arguing that C.C. perjured herself at trial by denying that she was "sexually active" other than Pierre's abuse. The Louisiana Supreme Court denied Pierre's request. Pierre then sought federal habeas relief.
Congress has directed that federal courts may not grant habeas relief unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). We have observed that "clearly established Supreme Court precedent demands proof that the prosecution made knowing use of perjured testimony" to establish a constitutional violation. Kinsel v. Cain , 647 F.3d 265, 272 & n.26 (5th Cir. 2011) (emphasis added). And the district court found "no evidence to suggest that the State (or anyone whose knowledge was imputable to the State) knew that C.C. was offering false testimony at trial." Yet the district court granted habeas relief anyway, in a three-page order devoid of Supreme Court and Fifth Circuit precedent. We reverse.
I.
C.C. lived with her grandmother and Pierre, her grandmother's boyfriend. When she was twelve, C.C. told her parents that Pierre had been molesting her for six years. C.C.'s parents immediately notified authorities. Pierre was subsequently indicted for aggravated rape of a female juvenile under thirteen, in violation *226 of Louisiana Revised Statute § 14.42A(4).[1]
At trial, C.C. described an occasion when Pierre took her for a medical exam to determine whether she had been sexually active. According to C.C., the nurse practitioner declined to conduct a physical exam based on C.C.'s representation that she was not sexually active. This testimony prompted the prosecutor to inquire whether C.C. had been "sexually active other than the things that [Pierre] had done to you." C.C. replied "No."
A jury found Pierre guilty, and the court sentenced him to life imprisonment at hard labor without parole, probation, or suspension of sentence. His conviction and sentence were affirmed on direct appeal. State v. Pierre , No. 2009 KA 0454, 2009 WL 3162246, at *1-3 (La. Ct. App. Sept. 11, 2009), review denied 31 So.3d 1054 (La. 2010).
Over a year later, C.C. revealed that Michael Percle-the son-in-law of C.C.'s legal guardian-had also molested her during the same period of time as Pierre's abuse. As the Louisiana Supreme Court explained:
C.C. testified that she did not reveal the abuse at the hands of Percle either before or during [Pierre's] trial, because she was afraid that if she did so, she would be removed from the home and deprived of her 'nanny,' as in fact happened after [she came forward]. C.C. testified that she decided to come forward when her nieces, ages three and six, began visiting the Percle home and she became afraid that what had happened to her would happen to them.
State v. Pierre , 125 So.3d 403, 407 (La. 2013). The State investigated C.C.'s allegations, but declined to charge Percle.[2]
Sixteen months later, the State informed Pierre's counsel that C.C. had made allegations against Percle. Pierre then sought post-conviction relief, arguing that he was denied due process because C.C. "recently recanted her testimony." The state trial court granted relief, ruling that Pierre "made a bona fide claim of actual innocence." The court of appeals affirmed. But a dissent emphasized that C.C. "never recanted her testimony regarding [Pierre] raping her." State v. Pierre , No. 2013 KW 0150, 2013 WL 12124006, at *1 (La. Ct. App. Apr. 5, 2013) (Crain, J., dissenting). As the dissent explained: "The victim's false statement that she was abused by no one else does not require a conclusion that the defendant did not rape her." Id.
The Louisiana Supreme Court reinstated Pierre's conviction and sentence. Before that court, Pierre conceded that he could not satisfy the actual-innocence standard. He instead argued that the State's 16-month delay in disclosing C.C.'s allegations against Percle deprived him of due process. Pierre , 125 So.3d at 408-09. The court rejected Pierre's argument on prejudice grounds-by the time C.C. revealed Percle's abuse, the time for Pierre to file a new trial motion had already expired. Id . at 411 ("The passage of time, and not prosecutor Rhodes, thus dictated that [Pierre] cast his lot with the extraordinarily high [actual-innocence] standard as a basis for overturning his conviction and sentence in state post-conviction proceedings.").
*227 In the course of resolving this claim, the court also made clear that no state actor knew that C.C.'s trial testimony was false at the time of trial. Id . at 406, 410 (state unaware of "C.C.'s allegations against Michael Percle" before "November 2009").
In February 2016, Pierre sought federal habeas relief arguing, as relevant here, that his conviction violated due process because C.C. had testified falsely. The magistrate judge rejected Pierre's claims under both Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Napue v. Illinois , 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) -as well as his argument that his conviction violated a freestanding due-process right to a fundamentally fair trial-because "the prosecution did not know and could not have known at the time of trial that there was anything false about C.C.'s testimony." Pierre v. Vannoy , No. 16-1336, 2016 WL 9024952, at *8-9, *10-18 (E.D. La. Oct. 31, 2016). As the magistrate judge explained, "the majority of federal circuit courts, including significantly the Fifth Circuit ... require a petitioner to prove governmental knowledge of the false testimony," and there is no Supreme Court precedent to the contrary. Id . at *14-17 ("[W]hen there is no Supreme Court precedent to control a legal issue raised by a habeas petitioner, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law, and no federal habeas relief is warranted."). Accordingly, the magistrate judge recommended denying relief.
The district court adopted the magistrate judge's report and recommendation "in all respects"-except for its conclusion. Pierre v. Vannoy , No. 16-1336, 2017 WL 2267195, at *1-2 (E.D. La. May 23, 2017). Despite the undisputed fact that the State lacked knowledge of the falsity, the district court nevertheless granted the writ-ignoring sub silentio the cases cited by the magistrate judge in his thorough and well-reasoned opinion.
II.
We review habeas petitions under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Because Pierre's claims were "adjudicated on the merits in State court," the writ "shall not be granted" unless the state court's adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, the writ may issue only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter , 562 U.S. 86, 102, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (emphases added). "If this standard is difficult to meet, that is because it was meant to be." Id .
Pierre argues that the Louisiana Supreme Court unreasonably applied "constitutional principles guaranteed by federal law"-specifically, that "a conviction based in part on false testimony ... violates a defendant's right to a fundamentally fair trial," even if "the State was not aware of the false testimony."
But Pierre cites no Supreme Court precedent to support this proposition. Nor can he. As he conceded both in briefing and at oral argument, "no Supreme Court case holds specifically that [State] knowledge is not required." That ends this case: "clearly established law signifies the holdings ... of [the Supreme] Court's decisions." Howes v. Fields , 565 U.S. 499, 505, 132 S.Ct. 1181, 182 L.Ed.2d 17 (2012) (internal quotation marks omitted). See also *228 Williams v. Taylor , 529 U.S. 362, 381, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (Stevens, J.) ("If this Court has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar.").
Without a Supreme Court case holding that the State's unknowing use of false testimony violates the Due Process Clause, Pierre cannot show that the Louisiana Supreme Court unreasonably applied clearly established federal law as determined by the Supreme Court of the United States. Indeed, as the Supreme Court "has held on numerous occasions," "it is not 'an unreasonable application of' 'clearly established federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance , 556 U.S. 111, 121-23, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009) (citing cases). See also Wright v. Van Patten , 552 U.S. 120, 123-26, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008) (no unreasonable application when Supreme Court "cases give no clear answer to the question presented, let alone one in [petitioner's] favor") (citing Carey v. Musladin , 549 U.S. 70, 77, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006) ); Gomez v. Thaler , 526 Fed.Appx. 355, 359 (5th Cir. 2013) ("Because no decision of the Supreme Court has addressed the issue presented before us, it cannot be said that the state court unreasonably applied clearly established Federal law.") (brackets and internal quotation marks omitted). Accordingly, AEDPA requires us to deny Pierre's habeas petition.
This is not a close case. Pierre cannot point to a single case, either from the Supreme Court or our court, to support his argument. To the contrary, our precedent establishes precisely the opposite proposition. In Kinsel v. Cain , we explained that, "[a]lthough some circuits recognize a due process violation when perjured testimony is provided by a government witness even without the government's knowledge, we are limited by the AEDPA to applying only established Supreme Court precedent," which "demands proof that the prosecution made knowing use of perjured testimony." 647 F.3d at 271-72 & n.26. See also Kutzner v. Cockrell , 303 F.3d 333, 337 (5th Cir. 2002) ("[D]ue process is not implicated by the prosecution's introduction or allowance of false or perjured testimony unless the prosecution actually knows or believes the testimony to be false or perjured.").[3]
*229 The district court's failure to even mention Kinsel is particularly troubling, as Kinsel is practically indistinguishable from this case. In Kinsel , as here, a Louisiana jury found the defendant guilty of child rape "based primarily on [the victim's] trial testimony." 647 F.3d at 266. The victim in Kinsel later recanted her accusations. Id. at 266, 268. We nevertheless denied relief. As we explained, we could not "say that the state court unreasonably applied established federal law in determining that Kinsel's due process rights were thus not violated" because the State "did not know that [the victim] was lying at trial." Id. at 272. "In fact," we emphasized, "Kinsel ultimately does not allege a constitutional error at all given that the prosecutors did not knowingly present false testimony at his trial." Id . It is impossible to square the grant of habeas in this case with our denial of habeas in Kinsel .[4]
Moreover, a year before the Louisiana Supreme Court decision denying relief here, Justice Scalia reiterated that the Supreme Court has "never held" that the unknowing use of false testimony violates the Due Process Clause-and that it is "unlikely ever to do so." Cash v. Maxwell , 565 U.S. 1138, 132 S.Ct. 611, 615, 181 L.Ed.2d 785 (2012) (Scalia, J., joined by Alito, J., dissenting from denial of certiorari) ("All we have held is that 'a conviction obtained through use of false evidence, known to be such by representatives of the State , must fall under the Fourteenth Amendment.' ") (quoting Napue , 360 U.S. at 269, 79 S.Ct. 1173 ).
* * *
As the district court recognized, and as Pierre concedes, the State did not knowingly present false testimony at trial. So the Louisiana Supreme Court decision denying relief was neither contrary to, nor involved an unreasonable application of, clearly established Supreme Court precedent. We reverse the judgment of the district court and issue the mandate forthwith.[5]

For a more detailed explication of the facts underlying Pierre's conviction, see State v. Pierre , No. 2009 KA 0454, 2009 WL 3162246, at *1-3 (La. Ct. App. Sept. 11, 2009), excerpted in Pierre v. Vannoy , No. 16-1336, 2016 WL 9024952, at *1-3 (E.D. La. Oct. 31, 2016), report and recommendation adopted in part 2017 WL 2267195 (E.D. La. May 23, 2017).

For a more detailed explication, see Pierre , 125 So.3d at 406-07, excerpted in Pierre , 2016 WL 9024952, at *3-4.

Kinsel and Kutzner are but two in a long line of circuit precedent holding that false testimony gives rise to a due process claim only if the State had contemporaneous knowledge of the falsity. See , e.g. , Canales v. Stephens , 765 F.3d 551, 573 (5th Cir. 2014) ; Knox v. Johnson , 224 F.3d 470, 478 (5th Cir. 2000) ; Chambers v. Johnson , 218 F.3d 360, 364 (5th Cir. 2000) ; Braxton v. Estelle , 641 F.2d 392, 395 (5th Cir. Unit A Apr. 1981). See also Devoe v. Davis , 717 Fed.Appx. 419, 426-27 (5th Cir. 2018) ; Isaac v. Cain , 588 Fed.Appx. 318, 327-28 (5th Cir. 2014) ; Kelly v. Dretke , 111 Fed.Appx. 199, 208 (5th Cir. 2004) ; McDuff v. Johnson , 163 F.3d 1356 (5th Cir. 1998).
In addition, neither the Second nor Ninth Circuit cases cited by Pierre support the contention that the State's unknowing use of perjured testimony can give rise to relief under AEDPA. The Second Circuit's decision in United States v. Wallach , is unhelpful both because it is not a habeas case (it is a direct appeal of a federal conviction) and because it relies on a pre-AEDPA decision that the Second Circuit subsequently disavowed as inconsistent with AEDPA. 935 F.2d 445, 456-59 (2d Cir. 1991). See Drake v. Portuondo , 321 F.3d 338, 345 n.2 (2d Cir. 2003) (disavowing Sanders v. Sullivan , 863 F.2d 218 (2d Cir. 1988), which "explicitly relied on Justice Douglas'[s] dissent in Durley v. Mayo " because "AEDPA permits us to rely only on clearly established Supreme Court precedent"). And the Ninth Circuit's decisions explicitly did not apply AEDPA deference. See Maxwell v. Roe , 628 F.3d 486, 506 (9th Cir. 2010) ("[B]ecause the state court's decision was 'based on an unreasonable determination of the facts' ... AEDPA deference no longer applies."); Killian v. Poole , 282 F.3d 1204, 1208 (9th Cir. 2002) ("AEDPA deference does not apply to Killian's perjury claim in this case.").

It bears mention that the victim in Kinsel affirmatively recanted her accusation. 647 F.3d at 266, 268. By contrast, and as previously noted, C.C. "never recanted her testimony regarding the defendant raping her." Pierre , 2013 WL 12124006, at *1 (Crain, J., dissenting). Instead, she disclosed that "she had been molested by another person and the period of time overlapped with the defendant's abuse." Id. See also itation index="67" url="https://cite.case.law/citations/?q=2013%20WL%2012124006">id. ("The victim's false statement that she was abused by no one else does not require a conclusion that the defendant did not rape her."); Pierre , 125 So.3d at 409 (C.C.'s allegations against Percle "did not, in any event, amount to C.C.'s repudiation of any of her trial testimony against [Pierre]").

Because it is undisputed that the State did not knowingly present perjured testimony, we need not address whether the underlying testimony was in fact false. It should go without saying, however, that no victim would consider rape the equivalent of being "sexually active" in any ordinary sense of that phrase. Nothing in our opinion today should be construed to hold otherwise.