[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 23, 2003
THOMAS K. KAHN
CLERK**

No. 02-12397

D. C. Docket Nos. 00-00533-CV-J-21-TJC
and 97-00039-CR-J-2

ROBERT PAGAN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

**(December 23, 2003)**

Before BLACK and FAY, Circuit Judges, and HUCK*, District Judge.

---

*Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

HUCK, District Judge:

This case presents the question of whether a petitioner seeking post-conviction relief pursuant to 28 U.S.C. § 2255 may immediately appeal an order denying bond, a question that has not been directly addressed in this circuit. We hold the collateral order doctrine permits interlocutory review of a bond order in a pending post-conviction relief proceeding, but dismiss the appeal for lack of jurisdiction because Appellant Robert Pagan has failed to obtain a certificate of appealability ("COA").

Pagan is presently incarcerated in federal prison for armed bank robbery and use of a firearm during a crime of violence. After his conviction was affirmed on appeal, he filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel at trial and on appeal. Pagan then filed several additional motions, including a motion to be released on bond until the district court resolved the section 2255 motion.[1] The district court denied these motions and ordered the government to respond to the section 2255 motion.[2] Pagan appealed and the district court denied a COA.

---

[1]The other motions were (1) for judgment of acquittal, (2) for production of discovery materials and to order transcripts of prior proceedings, (3) to correct page numbering errors, (4) for new trial, (5) to supplement the section 2255 motion, and (6) for appointment of counsel.

[2]As of the date of Appellant's answer brief, the merits of the section 2255 motion were still pending in the district court.

This Court questioned its jurisdiction because the appealed orders were entered before a final order on the merits of the section 2255 motion. *See* 28 U.S.C. § 1291; *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) (defining a final decision as "one which ends the litigation on [the] merits and leaves nothing for the court to do but execute the judgment"). After the parties responded to the question, the appeal was dismissed for lack of jurisdiction with respect to all of the district court's rulings except the one denying bond. The jurisdictional question on that issue was carried with the case.

A COA is usually a jurisdictional prerequisite to an appeal in a post-conviction relief proceeding following a state or federal court conviction. *See* 28 U.S.C. § 2253 (c)(1); *Edwards v. United States*, 114 F.3d 1083, 1084-85 (11th Cir. 1997). Section 2253, in relevant part, provides that "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a COA has been issued. 28 U.S.C. §2253 (c)(1)(B). A COA is thus required when an order is "the final order" in a section 2255 proceeding. In most cases, the district court's order granting or denying post-conviction relief will be the final order. A defendant obviously must have a COA to appeal that order. The question in this case, however, is whether an order denying bond, which the district court entered before resolving the section 2255 motion, should be deemed

3

to be "the final order" within the meaning of 28 U.S.C. § 2253 (c)(1)(B).  The answer turns on the application of the collateral order doctrine.

In *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1498 (1989), the Supreme Court reaffirmed that the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corporation*[3] is a "narrow exception" to the normal application of the final judgment rule.  To fall within the limited class of collateral orders that are deemed final, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from the final judgment.  *Id.* at 799.  Although this Court has not directly addressed whether an order denying or granting bond in a post-conviction relief proceeding is immediately appealable, it has reviewed an order granting bail to a federal prisoner whose post-conviction relief proceeding was unresolved, without commenting on the collateral order doctrine issue.  *See Gomez v. United States*, 899 F.2d 1124 (11th Cir. 1990).  The circuits that have addressed the precise question are split on the issue.[4]

_____

[3]337 U.S. 541, 69 S. Ct. 1221 (1949).

[4]Several circuits have ruled that these bond orders are immediately appealable.  *See Martin v. Solem*, 801 F.2d 324 (8th Cir. 1986); *Cherek v. United States*, 767 F.2d 335 (7th Cir. 1985); *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990); *United States v. Smith*, 835 F.2d 1048 (3rd Cir. 1987); *Grune v. Coughlin*, 913 F. 2d 41 (2nd Cir. 1990); *Guerra v. Meese*, 786 F.2d 414

4

We join the majority of circuits, and agree with the well reasoned analysis in *Dotson v. Clark*, 900 F.2d 77, 78-9 (6th Cir. 1990). A decision on whether to grant bond to a prisoner while the merits of his claim are being considered in a post-conviction relief proceeding meets all three elements for a final collateral order. First, the bond order conclusively resolves the disputed question because no further action on the bond issue can be taken in district court. *Id.* at 78. Second, it can be severed from the merits of the post-conviction relief proceeding.[5] Third, "[i]f there is no interlocutory review . . . the order denying bail is forever unreviewable." *Grune v. Coughlin*, 913 F.2d 41, 44 (2nd Cir. 1990) (citing *Dotson*). Waiting for a final order on the merits would prevent appellate review of the bond decision because any decision on the merits renders moot the issue of whether a prisoner is entitled to be released pending resolution of the post-conviction relief proceeding. *See Dotson*, 900 F.2d at 78. We thus hold that a bond order is a collateral and final determination of a prisoner's right to be

(D.C. Cir. 1986). The First and Ninth Circuits have declined to hold the denial of a bond immediately appealable, but have construed such an appeal as a petition for writ of mandamus. *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989); *United States v. DiRusso*, 548 F.2d 372 (1st Cir. 1976). We note that *Grune, Dotson* and *Land* are section 2254 cases. For purposes of this issue, however, the analysis is the same in the section 2254 context as it is in the section 2255 context.

[5]The Sixth Circuit acknowledged that "there is some merit to the argument that these bail decisions are often inextricably entwined with the merits," but concluded that "[a] person's right to liberty pending disposition of his case on the merits is (somewhat) distinct from the merits." *Dotson*, 900 F.2d at 78. We agree that the issues are sufficiently distinct to satisfy the second element of the collateral order doctrine analysis.

released during the pendency of a post-conviction relief proceeding.

Our holding that the district court's order denying bond is a final appealable order under the collateral order doctrine necessarily leads us to conclude that Pagan must have a COA to proceed on appeal. The collateral order doctrine is not an exception to the requirement of finality. *See Cohen*, 337 U.S. at 546, 69 S. Ct. at 1226 ("We hold this order appealable because it is a final disposition of a claim right . . . ."). The order at issue here is the final order in a proceeding under section 2255 as to bond. A COA is therefore a jurisdictional prerequisite for review of the district court's bond order. 28 U.S.C. § 2253.[6]

The district court denied Pagan a COA. We may construe the notice of appeal as containing a request for one. Fed. R. App. P. 22(b); *Edwards*, 114 F.3d at 1084. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). After reviewing the briefs and the record, we conclude that Pagan has failed to make this requisite showing. We therefore deny a COA and dismiss the appeal for lack of jurisdiction.

DISMISSED.

---

[6]We note that to hold otherwise would frustrate the principle function of the COA requirement, which is to serve as a threshold test to screen out frivolous appeals in post-conviction relief proceedings. *See Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S. Ct. 1029, 1040 (2003).