[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2007
THOMAS K. KAHN
CLERK

No. 07-10312
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00017-CV-CDL-6 & 02-00004 CR-002

MORRIS DEWAYNE GREEN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(September 20, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Morris Dewayne Green, a federal prisoner proceeding pro se, appeals the

district courts's denial of his motion for extension of time to file an out-of-time notice of appeal. After a thorough review of the record, we affirm.

## I. Background

In 2004, Green pleaded guilty to using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). Under the terms of the plea agreement, Green was to be sentenced to the statutory term of twenty-five years imprisonment, and he waived his right to appeal the conviction or sentence except in case of, inter alia, ineffective assistance of counsel.

In March 2006, Green filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel because counsel failed to file an appeal from the sentence despite Green's request to do so.[1] Ruling that a movant was entitled to an out-of-time appeal if counsel failed to file a notice of appeal when requested, the court ordered an evidentiary hearing and appointed counsel for Green. At the hearing, Green testified that he had asked counsel to file an appeal challenging his sentence. Green's former attorney responded that the two never discussed an appeal because Green received the sentence he expected.

---

[1] As the Supreme Court has held, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 484, 120 S.Ct. 1029, 1039, 145 L.Ed.2d 985 (2000).

The magistrate judge found that Green's claims were not credible or supported by the record, and therefore, he was not entitled to file an out-of-time appeal. Accordingly, the magistrate judge recommended denying the § 2255 motion as barred by the statute of limitations. The district court adopted the recommendation, over Green's objections, and denied the § 2255 motion on October 2, 2006.

On December 14, 2006, Green filed a pro se motion for extension of time to file a notice of appeal from the denial of his § 2255 motion under Fed. R. App. P. ("Rule") 4(a)(5)(A). According to Green, he requested counsel file the notice of appeal, but counsel failed to do so. Green explained that he had been held in county jail with no access to legal materials or to counsel, and that he did not learn that his appeal had not been preserved until he was transferred to federal custody.

The district court found that Green had not shown excusable neglect or good cause because ignorance of the law was no excuse, and Green had not shown that he attempted other means of communication in addition to telephone. Green then filed a timely notice of appeal.

## II. Discussion[2]

---

[2] We recognize that it is an open question whether Green needs a certificate of appealability ("COA") to bring this issue before this court. See 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from the final order in a habeas corpus proceeding."). Because we conclude on the merits that the district court did not abuse

3

We review a district court's decision regarding a motion for an extension of time under Rule 4(a)(5)(A) for abuse of discretion. Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 997 (11th Cir. 1997). The district court will often have some range of choice in deciding excusable neglect issues. Estimating Sys., Inc. v. Riney, 77 F.3d 1322, at 1325 (11th Cir. 1996) (citing United States v. Kelly, 888 F.2d 732, 745 (11th Cir. 1989) (observing that the abuse of discretion standard allows "a range of choice for the district court, so long as that choice does not constitute a clear error of judgment")).

Here, Green concedes that he did not file his notice within the time frame proscribed by Rule 4(a)(1)(B). He asserts, however, that he was deceived by his attorney and he acted with due diligence once he learned his notice of appeal had not been filed.

The timely filing of a notice of appeal is "a mandatory prerequisite to the exercise of appellate jurisdiction." United States v. Grant, 256 F.3d 1146, 1150 (11th Cir. 2001). Nevertheless, Rule 4 permits the district court to extend the time to file a notice of appeal upon a party's motion if the motion is filed within thirty

its discretion, we decline to address whether the court's decision was a "final order" requiring a COA. Compare Hubbard v. Campbell, 379 F.3d 1245 (11th Cir. 2004) ( holding that a COA was not required to appeal an order dismissing the petitioner's "Amended Petition" relating back to the original habeas petition), with Pagan v. United States, 353 F.3d 1343 (11th Cir. 2003) (concluding that an order denying or granting bond in post-convictions relief proceedings required a COA to appeal under the collateral order doctrine).

days of the deadline for the notice of appeal, and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). As this court has explained, "the phrase 'excusable neglect' may include, when appropriate, late filings caused by inadvertence, mistake, or carelessness under certain circumstances." Locke v. Suntrust Bank, Inc., 484 F.3d 1343, 1346 (11th Cir. 2007) (quoting Advanced Estimating Sys., 77 F.3d at 1324). When analyzing a claim of excusable neglect, courts should "tak[e] account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Advances Estimating Sys., 77 F.3d at 1325 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993)). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." Id.

We conclude that the district court did not abuse its discretion. Green asserted that his notice of appeal was untimely because counsel did not file it as requested, Green did not know of the time limitations, and he was unable to communicate with counsel. We note that Green's argument is the same as his

claim in the underlying § 2255 motion - that is, that counsel failed to file a notice of appeal upon Green's request.  In light of this, Green should have had sufficient experience with the legal system to know how and when to file a notice of appeal.[3] Because the court had discretion in its decision, and could consider a wide range of choices, it cannot be said that the district court abused its discretion.  For these reasons, we **AFFIRM.**

---

[3] This court has held that an attorney's error based on a misunderstanding of the law did not constitute excusable neglect.  Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).