[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15813
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 15, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 02-21735-CV-FAM
95-00605CR-FAM

JOSE SALDANA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 15, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Federal prisoner Jose Saldana, proceeding pro se, appeals the district court's partial denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We issued a certificate of appealability on the following four issues: (1) whether the district court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address Saldana's claims that (a) the trial court erred by admitting expert testimony by one witness, Detective Alex Andrade, under Federal Rules of Evidence 104(a) and 702, and (b) his trial and appellate counsel were ineffective for failing to challenge the trial court's admission of that testimony; (2) whether the district court violated Clisby by failing to address Saldana's claims that (a) the prosecutor violated the rule of Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1197 (1963), by failing to disclose evidence that a government witness committed armed robbery of a dwelling, and (b) his trial and appellate counsel were ineffective for failing to make a Brady challenge to the prosecutor's failure to disclose this information; (3) whether the district court violated Clisby by failing to address Saldana's claim that the trial court lacked jurisdiction to enter several preliminary forfeiture orders; and (4) whether the district court abused its discretion by failing to rule on Saldana's Motion to Adopt and his Motion Requesting Leave to Supplement Pursuant to Fed. R. Civ. P. 15(d).

When reviewing the district court's denial of a § 2255 motion, we review de

_novo_ questions of law and we review findings of fact only for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). The scope of review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998).

## I.

Saldana contends that the district court violated Clisby by failing to address three issues raised in his § 2255 motion. In Clisby, out of "deep concern over the piecemeal litigation of federal habeas petitions," we exercised our supervisory authority over the district courts and instructed them to resolve all claims for relief raised in a petition for habeas corpus, regardless of whether habeas relief is granted or denied. Clisby, 960 F.2d at 935–36 (involving a habeas petition filed under 28 U.S.C. § 2254); see also Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to § 2255 motions."). "An allegation of one constitutional violation and an allegation of another constitutional violation constitute two distinct claims for relief, even if both allegations arise from the same alleged set of operative facts." Clisby, 960 F.2d at 936. When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.

3

Saldana first argues that the district court failed to address his claims that the trial court erred by admitting expert testimony by Detective Andrade under Fed. R. Evid. 104(a) and 702, and that his trial and appellate counsel were ineffective for failing to challenge the trial court's admission of that testimony. The district court did not address these claims. It should have.

Saldana next argues that the district court failed to address his claims that the prosecutor committed a Brady violation by failing to disclose evidence that a government witness committed armed robbery of a dwelling, and that his trial and appellate counsel were ineffective for failing to make a Brady challenge to the prosecutor's failure to disclose this information. The district court did not address these claims either. It should have.

Saldana finally argues that the district court failed to address his claim that the trial court lacked jurisdiction to enter several preliminary forfeiture orders. Although the district court did not directly address Saldana's jurisdictional challenge to the court's preliminary forfeiture orders, the court did analyze Saldana's contention that he was provided ineffective assistance of counsel because his attorney failed to challenge the sufficiency of the evidence supporting the forfeiture orders. In its analysis, the district court stated that a challenge to a forfeiture order is outside the scope of a § 2255 proceeding, which provides an

avenue for a prisoner to challenge custody under a federal criminal conviction or sentence. This reasoning is broad enough to encompass Saldana's claim that the district court lacked jurisdiction to enter the forfeiture orders, and therefore the court did sufficiently address this issue.

## II.

Saldana also contends that the district court abused its discretion by failing to rule on his Motion to Adopt and his Motion Requesting Leave to Supplement Pursuant to Fed. R. Civ. P. 15(d). "The denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment (which is in effect an overruling of pending pretrial motions) or of an order inconsistent with the granting of the relief sought by the motion." Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. July 13, 1981).[1] Saldana's motion to supplement and motion to adopt, which both sought to add an additional claim to his § 2255 motion, were filed before the district court entered its final judgment on that petition. The court's entry of a final judgment was inconsistent with permitting an additional claim for relief and therefore implicitly denied these pending motions. See Addington, 650 F.2d at 666.

---

[1] In our en banc decision Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

**III.**

The district court did adequately address Saldana's motion to adopt and motion to supplement, and the reasoning in its order resolving his § 2255 motion was broad enough to encompass Saldana's claim that the court lacked jurisdiction to enter several preliminary forfeiture orders. However, because the district court did not address Saldana's claims in his § 2255 motion relating to Detective Andrade's testimony and the alleged Brady violation, we vacate the district court's partial denial of Saldana's § 2255 motion and remand for consideration of those unresolved claims.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**