**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-8586**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARK ANTHONY REYNOLDS,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Senior District Judge.  (5:04-cr-00088-2; 5:07-cv-00271)

———————————

Submitted:  July 29, 2009        Decided:  August 17, 2009

———————————

Before KING, GREGORY, and DUNCAN, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Mark Anthony Reynolds, Appellant Pro Se.  Richard Christian Pilger, IV, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Anthony Reynolds seeks to appeal the district court's order affirming the magistrate judge's denial of bail in Reynolds' action filed under 28 U.S.C.A. § 2255 (West Supp. 2009). This Court may exercise jurisdiction only over final orders, see 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders. See 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). We conclude that the district court's order is an appealable collateral order. See, e.g., Pagan v. United States, 353 F.3d 1343, 1345-46 & n.4 (11th Cir. 2003) (collecting cases adopting rule). Although the order is immediately appealable, we dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); accord Bowles v. Russell, 551 U.S. 205, __, 127 S. Ct. 2360, 2366 (2007) ("Today we make

2

clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

The district court's order was entered on the docket on July 11, 2008.  The notice of appeal was filed, at the earliest, on November 18, 2008,[*] more than two months after the appeal period expired.  Because Reynolds failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] See Houston v. Lack, 487 U.S. 266, 276 (1988).