[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15876
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 02-21735-CV-FAM,
95-00605-CR-PAS

JOSE SALDANA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 27, 2010)

Before BLACK, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Saldana, a federal prisoner, appeals pro se the district court's judgment on remand denying his 28 U.S.C. § 2255 claims. In an earlier appeal we held that the district court had failed to address Saldana's § 2255 claims about the admission of expert testimony and an alleged Brady violation during his trial, and we remanded the case for the district court to consider those claims. See Saldana v. United States, 273 Fed. Appx. 842 (11th Cir. 2008) (unpublished). On remand the magistrate judge issued a report analyzing those claims and recommending denial of them, and the district court adopted that report, denying Saldana's § 2255 motion to vacate his sentence.

Saldana then filed with the district court a "Motion to File Objections to Magistrate Judge P.A. White's Report and Recommendation in an Out-of-Time Fashion And, Simultaneously, Motion Pursuant to Rule 59(e) of the Fed. R. Civ. P. to Alter or Amend Judgment in an Out-of-Time Fashion," asserting that he did not receive a copy of the magistrate judge's report and recommendation until he requested one from the clerk's office, and by the time he received the report, the district court had already issued an order adopting it. See Doc. 69 at 2. Specifically, Saldana objected to the magistrate judge's "failure to address his motion for resentencing in conjunction with reopening of § 2255 proceeding, or in

2

the alternative, motion for issuance of writ of habeas corpus." Id. at 3. He also asked the district court to alter or amend its judgment, alleging that the court lacked subject matter jurisdiction to impose an enhanced sentence because the government had failed to comply with the requirements of 21 U.S.C. § 851. The district court denied Saldana's motion. He then asked the district court for a certificate of appealability, which it also denied.

For the second time in this case, we granted a certificate of appealability—this time on the issue of whether Saldana should have been allowed to file untimely objections to the magistrate judge's report and recommendation before the district court denied his § 2255 motion. We framed that issue this way:

> Whether the district court erred by denying Saldana's motion to file untimely objections to the magistrate judge's report and recommendation, where it appears that Saldana was not provided with a copy of the report and recommendation prior to the district court's decision denying his claims that:
>
> (1)   the trial court erred by admitting expert testimony by Detective Andrade under Fed. R. Evid. 104(a) and 702, and that this trial and appellate counsel were ineffective for failing to challenge the trial court's admission of that testimony; and
>
> (2)   the prosecutor committed a Brady violation by failing to disclose evidence that a government witness committed armed robbery of a dwelling, and that his trial and appellate counsel were ineffective for failing to make a Brady challenge to the prosecutor's failure to disclose this information.

Under Rule 72, when hearing a "pretrial matter dispositive of a claim or

3

defense," a magistrate judge is required to "enter a recommended disposition," and the clerk must "promptly mail" a copy of the magistrate judge's report to each party." Fed. R. Civ. P. 72(b)(1). The parties in the present case had ten days after the receipt of the magistrate judge's report to file their objections with the district court.[1] Saldana contends that Rule 72 was violated in his case.

"[W]hen reviewing a district court's denial of a petition for writ of habeas corpus, we review its findings of fact for clear error and its legal conclusions <u>de novo</u>." <u>Williams v. McNeil</u>, 557 F.3d 1287, 1290 (11th Cir. 2009). When a petitioner challenges a district court's decision denying habeas relief based on a violation of Rule 72, we will affirm if the Rule 72 violation is harmless. <u>Braxton v. Estelle</u>, 641 F.2d 392, 397 (5th Cir. Unit A Apr. 3, 1981).[2] In <u>Braxton</u> a § 2254 petitioner alleged that he was never notified of a magistrate judge's report and recommendation, and as a result he was unable to file his objections with the district court.[3] <u>Id.</u> We held that, assuming the petitioner did not receive the report

_____

[1]Effective December 1, 2009, Rule 72 was amended to extend the time limit from 10 days to 14 days for the parties to file objections to the magistrate judge's report. <u>See</u> Fed. R. Civ. P. 72 advisory committee's note (2009). The magistrate judge's report in the present case was issued on May 1, 2009, when the earlier version of Rule 72 applied, so the parties had ten days to file their objections.

[2]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3]Even though <u>Braxton</u> involved a motion filed under § 2254 instead of under § 2255, it makes no difference in the analysis of the Rule 72 issue. <u>Cf.</u> <u>Pagan v. United States</u>, 353 F.3d

in time to file objections, any error was harmless because none of the petitioner's arguments arose from a factual dispute, and "the district judge could assess the merits of the petition from its face." Id. (citation and quotation marks omitted). We further noted that the petitioner did not allege any new contention or fact that he would have asserted by way of objections to the magistrate judge's report. Id. Because any Rule 72 violation was harmless, we affirmed the district court's decision denying the § 2254 petition. Id.

In the present case the district court reviewed the record de novo before adopting the magistrate judge's report and recommendation.[4] See Doc. 66 (stating that the court had "reviewed the entire file and record" and had conducted a de novo review of the issues presented in the magistrate judge's report and recommendation). As in Braxton, none of Saldana's arguments arose from a factual dispute, and "the district judge could assess the merits of the [motion] from its face." 641 F.2d at 397. Saldana's proposed objections were not even related to

---

1343, 1345 n.4 (11th Cir. 2003) ("For purposes of this issue, however, the analysis is the same in the section 2254 context as it is in the section 2255 context.").

[4]A district court judge must review de novo the parts of the report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); see also Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga., 896 F.2d 507, 512–13 (11th Cir. 1990).

5

the magistrate judge's report, which addressed the specific issues that this Court had directed the district court to consider on remand. See Saldana, 273 Fed. Appx. at 844. Instead, Saldana challenged the magistrate judge's report for failing to address issues that were not before the district court. Saldana raises those same issues before this Court, and we cannot consider them. See Murray v. United States, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (holding that appellate review is limited to the issues specified in the COA). Considering the grounds on which Saldana objected to the magistrate judge's report and recommendation, any error in denying his motion to file objections after a de novo review of that report and recommendation was harmless. See Braxton, 641 F.2d at 397.

**AFFIRMED.**