[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12720
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21396-JAL

DANYEL D. LAWSTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 10, 2015)

Before MARTIN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Danyel D. Lawston, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. By adopting a magistrate judge's Report and Recommendation (R&R), the district court dismissed Lawston's sentencing-error claim. In dismissing the claim, the district court found that it lacked jurisdiction to consider Lawston's petition because it was, in substance, a successive 28 U.S.C. § 2255 motion to vacate. On appeal, Lawston argues that his claim, based on Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), could be brought in a § 2241 petition under the savings clause of § 2255(e). Lawston also argues that the district court failed to give him sufficient time to file objections to the R&R, as he had no knowledge of the R&R's existence until the district court's order adopting it was sent to him.

I.

Lawston first challenges the district court's dismissal of his petition for lack of subject-matter jurisdiction. We review de novo whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e). Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013). The question of whether the savings clause applies is a threshold jurisdictional issue, and the petitioner bears the burden of demonstrating that § 2255 was "inadequate or ineffective to test the legality of his detention." Id. (citation omitted).

2

In 2006, Lawston was indicted on one count of conspiracy to possess cocaine with intent to distribute, in violation 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The statutory maximum sentence for a conviction under § 841(b)(1)(C) is ordinarily 20 years. However, the government filed a notice under 21 U.S.C. § 851 that it intended to use Lawston's four prior convictions for cocaine possession to seek an enhanced 30-year statutory-maximum sentence. A jury found Lawston guilty, and the court sentenced him to 262-months imprisonment. Lawston raised several claims in an October 2008 § 2255 motion, all of which were denied.

In the petition now before us, Lawston claims for the first time that Alleyne prohibits the statutory-maximum enhancement he received. Lawston's claim cannot succeed because Alleyne does not apply retroactively, and a second or successive habeas petition is allowed only for "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . ." § 2255(h)(2); see also Bryant, 738 F.3d at 1274. In Alleyne, the Supreme Court held that any fact that aggravates the legally prescribed range of allowable sentences, including a fact that increases the statutory minimum, is an element of the offense that must be submitted to the jury and found beyond a reasonable doubt. 570 U.S. at ___, 133 S. Ct. at 2162–63. Yet this Court has held that Alleyne does not apply retroactively on collateral review for purposes of a § 2241 petition filed pursuant to the savings clause. Jeanty v.

3

Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (per curiam).  The district court properly concluded that Lawston's sentencing claim under Alleyne could not be brought under the savings clause.

Because the district court lacked jurisdiction to consider Lawston's petition under § 2241, it properly considered Lawston's challenge to the legality of his detention under § 2255.  See Bryant, 738 F.3d at 1256.  Because Lawston had already filed a § 2255 motion that was decided on its merits, the district court properly concluded that this petition was a second or successive § 2255 motion, for which Lawston needed prior approval from this Court.  See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Lawston did not receive prior approval to file a second or successive § 2255 motion, so the district court was right to dismiss his petition for lack of jurisdiction.

## II.

Lawston next claims that he never received a copy of the magistrate judge's R&R, as was required by the Federal Rules of Civil Procedure.  As a result, the district court did not review the case with Lawston's objections in mind, which he says caused prejudice.  We cannot agree.

When a magistrate judge issues an R&R, the clerk of court must mail a copy of the R&R to each party.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(1).  Parties may object to the proposed factual findings and

4

recommendations within fourteen days of being served. § 636(b); Fed. R. Civ. P. 72(b)(2). This Court applies a harmless error standard to claims that the district court did not provide sufficient time to object to an R&R denying habeas relief. See Braxton v. Estelle, 641 F.2d 392, 397 (5th Cir. 1981) (per curiam) (holding that any error resulting from inadequate service was harmless where none of the appellant's arguments resulted from a factual dispute and the district court "could assess the merits of the petition from its face" (quotation omitted)).[1]

Even if we were to assume that the district court did not give Lawston the proper opportunity to object, that error was harmless. Lawston raises no factual objections to the R&R on appeal. Instead, he challenges only the district court's legal conclusion that it lacked jurisdiction to consider his § 2241 petition via § 2255(e)'s savings clause. We review de novo the district court's legal conclusions, regardless of whether Lawston filed a timely objection to the R&R. Monroe v. Thigpen, 932 F.2d 1437, 1440 (11th Cir. 1991). Thus, the standard of review does not change. The district court here conducted an independent review of the R&R and the record and was able to decide the merits of the petition from its face. Lawston was not harmed because, as discussed above, he cannot raise an Alleyne claim in a § 2241 petition brought under the savings clause.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

We affirm the district court's dismissal of Lawston's § 2241 petition.

**AFFIRMED.**