[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-10665

Non-Argument Calendar

_____

JAMES E. PRICE, III,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cv-62141-KMW

_____

Before JILL PRYOR, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant James Price, a counseled federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 156-month sentence, which the district court imposed for his convictions for possessing and distributing child pornography. We issued a certificate of appealability to determine whether the district court violated Price's Fifth Amendment right to due process by adopting a magistrate judge's report and recommendation ("R & R") and denying his § 2255 motion, before Price received a copy of it. On appeal, Price argues that the district court violated his right to due process because it denied his § 2255 motion before he raised objections to the R & R. After a review of the record and reading the parties' briefs, we affirm the district court's order denying Price's § 2255 motion.

## I.

We apply a harmless error standard to claims that the district court adopted a magistrate judge's R & R prior to a habeas petitioner receiving a copy and having an opportunity to object to the R & R recommending denying habeas relief. *See Braxton v. Estelle*, 641 F.2d 392, 397 (5th Cir. 1981).[1] An error is harmless if it did not have a "substantial and injurious effect or influence" on the outcome. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722 (1993) (quotation omitted).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we held that all decisions handed down prior to October 1, 1981, are binding in the Eleventh Circuit.

II.

We have held that, when a district court did not provide sufficient time to object to an R & R denying habeas relief, the error is harmless if the movant does not present any factual objections that he would have raised below, if allowed, and the district court could assess the merits of the petition on its face. *See Braxton*, 641 F.2d at 397 (citing *Rutledge v. Wainwright*, 625 F.2d 1200, 1206 (5th Cir. 1980) (quotation marks omitted). We have cited to *Braxton* more recently, outside the habeas context, in holding that a district court's failure to consider objections to an R & R was harmless. *See Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1249-50 (11th Cir. 2015). We have also used this test in the habeas context in two unpublished opinions. *See Lawston v. United States*, 605 F. App'x 785, 787-88 (11th Cir. 2015) (addressing the district court's potential failure to give proper time to object, we held that "[e]ven if we were to assume that the district court did not give [the petitioner] the proper opportunity to object, the error was harmless" because the petitioner failed to raise any factual objections to the R & R on appeal); *Saldana v. United States*, 406 F. App'x 413, 415-16 (11th Cir. 2010) ("As in *Braxton*, none of Saldana's arguments arose from a factual dispute and the district judge could assess the merits of the [motion] from its face.") (quotation marks omitted).

Even assuming Price never received a copy of the R & R, the district court's error was harmless. The record shows that Price has not identified factual or legal objections he would have raised to the R & R, either before the district court or us. Further, the district

19-10665               Opinion of the Court                    4

court announced that it conducted an independent review of the record and the relevant case law in its order adopting the very thorough R & R. Accordingly, based on the aforementioned reasons, we affirm the district court's order adopting the R & R and denying Price's § 2255 motion.

**AFFIRMED.**