[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12384

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

MICHAEL RAY ALFORD,

                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:16-cr-00028-RH-MAF-1

_____

Before WILSON, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Michael Ray Alford, a federal prisoner serving a 180-month sentence for one count of knowingly receiving child pornography, appeals following the district court's denial of her motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and reconsideration of that order.[1]  Alford challenges the district court's determination that the 18 U.S.C. § 3553 factors weighed against her release. She also asserts the district court failed to consider her additional evidence offered in support of her motion for reconsideration.  After review,[2] we dismiss in part and affirm in part.

A district court has no inherent authority to modify a defendant's sentence, and it may do so "only when authorized by a statute or rule."  *United States v. Puentes*, 803 F.3d 597, 605–06

---

[1] Alford also challenges the district court's denial of bond pending the disposition of her 28 U.S.C. § 2255 motion and request for reconsideration of that order.  However, we lack jurisdiction over these issues and dismiss that portion of Alford's appeal.  *See Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (discussing necessity of a certificate of appealability); *Pagan v. United States*, 353 F.3d 1343, 1346 (11th Cir. 2003) (applying the rule to denial of bond in a post-conviction proceeding).

[2] We review determinations about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction *de novo*.  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021).  We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  We review the denial of a motion for reconsideration for abuse of discretion.  *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

(11th Cir. 2015).  Once a prisoner has fully exhausted all administrative remedies with the Bureau of Prisons, a district court may grant her motion for compassionate release, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

When considering the § 3553(a) factors, it is not necessary for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  An acknowledgment by the district court that it considered the § 3553(a) factors is sufficient.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).  Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court.  *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

A district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the

law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment.  18 U.S.C. § 3553(a).  Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims.  *Id.*

To the extent Alford has preserved a challenge to the district court's consideration of the § 3553(a) factors, the district court did not abuse its discretion in concluding the § 3553(a) factors did not support a reduction in sentence.  At the time of the order, Alford had served 43 months of her 180-month custodial sentence, which was not a substantial portion of her sentence.  Thus, the district court did not abuse its discretion in finding the "sentence as imposed remain[ed] the appropriate sentence."  Additionally, the record showed Alford had a long criminal history, including two child pornography offenses.  18 U.S.C. § 3553(a).  Alford does not directly challenge the district court's conclusions about the § 3553 factors, in effect, asking this Court to second guess the district court's weighing of the § 3553(a) factors, which this Court will not do under these circumstances. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (stating we will not second guess the weight the district court gave to a § 3553(a) factor so long as the sentence is reasonable under the circumstances).  The district court

considered the § 3553(a) factors, acknowledged Alford's arguments, and weighed the factors in a reasonable manner, and there is no abuse of discretion. *Turner*, 474 F.3d at 1281; *Croteau*, 819 F.3d at 1309.

The district court also did not abuse its discretion in denying Alford's motion for reconsideration because the motion largely raised the same arguments as prior filings—that she was innocent, that she was suffering due to her medical conditions and receiving inadequate care for these conditions in prison, her father's death, and her mother's health and age. *See Arthur v. King*, 500 F.3d 1335, 1343–44 (11th Cir. 2007) (affirming the denial of a motion for reconsideration when the defendant did not present newly discovered evidence). Much of the evidence she submitted could have been submitted before judgment was entered. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (stating a motion for reconsideration may not be used to relitigate old matters or present arguments or evidence that could have been presented before judgment was entered). Moreover, the evidence submitted largely addressed her Eighth Amendment arguments and was nonresponsive to the § 3553(a) factors underlying the district court's decision.

Accordingly, we affirm the district court's denial of Alford's motion for compassionate release and denial of her motion for reconsideration of the same, and, as noted above, dismiss the portion of her appeal over which we have no jurisdiction.

**AFFIRMED IN PART, DISMISSED IN PART.**