**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-7466**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

EDWARD MCCAIN,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:09-cr-00296-DCN-2)

_____

Submitted:  February 21, 2023                Decided:  February 24, 2023

_____

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Edward McCain, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward McCain appeals the district court's order denying his self-styled motion for release pending appeal filed in his pending 28 U.S.C. § 2255 proceeding that we treat as a motion for release on bail pending adjudication of his § 2255 motion.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). We conclude that the district court's order is an appealable collateral order. *See*, *e.g.*, *Pagan v. United States*, 353 F.3d 1343, 1345-46 & n.4 (11th Cir. 2003) (adopting rule and collecting cases).

A prisoner, however, still may not appeal a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). We conclude that this requirement applies, as well, to appealable collateral orders in post-conviction proceedings subject to the certificate of appealability requirement. *See Jones v. Braxton*, 392 F.3d 683, 686 (4th Cir. 2004); *see also Pagan*, 353 F.3d at 1346. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of

2

the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that McCain has not made the requisite showing. Accordingly, we deny McCain's motion for judicial notice, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*