[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10402

Non-Argument Calendar

_____

CHRISTOPHER DESILIEN,

Petitioner-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-80622-KMW

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Christopher Desilien, proceeding *pro se*, has appealed from the district court's January 24, 2023 order denying his three motions for release from custody pending the resolution of his 28 U.S.C. § 2254 habeas corpus petition. While this appeal was pending, the district court entered a final order denying the § 2254 petition with prejudice. Because the district court has now finally resolved the action in its entirety, Mr. Desilien's challenge to the denial of his motions for release from custody pending the resolution of his § 2254 petition is moot. *See Pagan v. United States*, 353 F.3d 1343, 1346 (11th Cir. 2003) (noting that a final decision on the merits of a habeas petition "renders moot the issue of whether a prisoner is entitled to be released pending resolution of the post-conviction relief proceeding"); *cf. Murphy v. Hunt*, 455 U.S. 478, 481-84, 481 n.5 (1982) (holding that a criminal defendant's claim to pretrial bail was moot once he was convicted). Accordingly, we lack jurisdiction over the appeal.

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.