**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-7307**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON LAWRENCE GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:19-cr-00539-CCB-1; 1:23-cv-00695-CCB)

Submitted:  May 30, 2024                                    Decided:  June 4, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jason Lawrence Green, Appellant Pro Se.  Jeffrey J. Izant, Assistant United States Attorney, Greenbelt, Maryland, Jason Daniel Medinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Lawrence Green seeks to appeal the district court's order denying his self-styled "motion for release pending 28 U.S.C. § 2255 resolution" filed in his 28 U.S.C. § 2255 proceeding, which we treat as a motion for release on bail pending adjudication of his § 2255 motion, and the court's order denying relief on his underlying § 2255 motion. We dismiss the appeal.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). We conclude that the district court's order denying Green's motion for release on bail is an appealable collateral order. *See*, *e.g.*, *Pagan v. United States*, 353 F.3d 1343, 1345-46 & n.4 (11th Cir. 2003) (adopting rule and collecting cases). Because Green's § 2255 motion is no longer pending and the relief he sought is no longer available, his appeal of the order denying his motion for release is moot. We therefore dismiss this portion of the appeal for lack of jurisdiction.

Turning to the district court's order denying Green's § 2255 motion,[*] the order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district

---

[*] The district court denied Green's § 2255 motion on December 29, 2023. We construe Green's informal brief, which he filed within 60 days of the court's order closing the § 2255 case, as a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) (holding that appellate brief may serve as functional equivalent of notice of appeal provided it otherwise complies with rules governing proper timing and substance).

2

court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Green has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal as to the order denying Green's § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*