**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-6720**

───────────────

SOL D. BURKE,

　　　　　　　　Petitioner - Appellant,

　　　　v.

CHADWICK DOTSON,

　　　　　　　　Respondent - Appellee.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:24-cv-00355-LMB-IDD)

───────────────

Submitted:  January 23, 2025　　　　　　　　Decided:  January 28, 2025

───────────────

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Sol D. Burke, Appellant Pro Se.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sol D. Burke seeks to appeal the district court's order denying his motion for bail filed in his 28 U.S.C. § 2254 proceeding and the court's order dismissing without prejudice his § 2254 petition for failure to comply with a court order.[1] We dismiss the appeal.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). The district court's order denying Burke's motion for release on bail is an appealable collateral order. *See, e.g.*, *Pagan v. United States*, 353 F.3d 1343, 1345-46 & n.4 (11th Cir. 2003) (adopting rule and collecting cases). Because Burke's § 2254 petition is no longer pending and the relief he sought is no longer available, his appeal of the order denying his motion for release is moot. We therefore dismiss this portion of the appeal for lack of jurisdiction.

Turning to the district court's dismissal order, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural

---

[1] The dismissal order is a final, appealable order because the district court did not grant leave to amend. *Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022) (en banc) (order). Although Burke did not file a notice of appeal from the order dismissing without prejudice his § 2254 petition, his informal brief filed within 30 days of the dismissal order may be construed as a timely notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) (holding that appellate brief may serve as functional equivalent of notice of appeal provided it otherwise complies with rules governing proper timing and substance).

ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Limiting our review of the record to the issues raised in Burke's informal brief, we conclude that Burke has not made the requisite showing.[2] *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we deny Burke's motion to appoint counsel, deny a certificate of appealability, and dismiss the appeal as to the order dismissing without prejudice Burke's § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[2] Burke does not challenge in his informal brief on appeal the district court's dispositive ruling that he failed to comply with a prior court order.

3