**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-6393**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AUSTIN KYLE LEE, a/k/a Justin,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:18-cr-00153-FL-1)

---

Submitted:  August 28, 2025                    Decided:  September 3, 2025

---

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Affirmed in part, dismissed in part by unpublished per curiam opinion.

---

Austin Kyle Lee, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Austin Kyle Lee appeals the district court's order denying his motions for compassionate release and for release pending a decision in his 28 U.S.C. § 2255 proceeding. We affirm in part and dismiss in part.

Turning first to the motion for compassionate release, we have reviewed the record and find no abuse of discretion in the district court's denial of Lee's motion. *See United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023) (providing standard). Accordingly, we affirm that portion of the district court's order.

Lee may not appeal from the portion of the part of the district court's order denying his motion for release pending a decision in his § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); *see also Pagan v. United States*, 353 F.3d 1343, 1345-46 & n.4 (11th Cir. 2003) (holding that, because an order denying bond in pending § 2255 proceeding is appealable under collateral order doctrine, it is a final order requiring certificate of appealability under § 2253); *cf. Jones v. Braxton*, 392 F.3d 683, 686 (4th Cir. 2004) (recognizing that, in 28 U.S.C. § 2254 proceeding, an immediately appealable collateral order is considered a "final order" for purposes of certificate of appealability requirement). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must

demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Lee has not made the requisite showing.

Accordingly, we deny Lee's motions for release pending resolution of his § 2255 motion and for appointment of counsel, full investigation, and judicial reassignment, affirm the district court's denial of Lee's motion for compassionate release, and deny a certificate of appealability and dismiss Lee's appeal from the district court's denial of his motion for release pending resolution of his § 2255 proceeding. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*